UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-CV-00753-MEO-DCK

| | |
|---|---|
| HEATHER STARR TUTTLE,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | **MEMORANDUM & ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Complaint (Doc. No. 1) seeking judicial review of an unfavorable decision by the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g); the parties' briefs (Doc. Nos. 9; 10); the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 14); Plaintiff's Objection to the M&R (Doc. No. 15); and Defendant's Reply to Objection to M&R (Doc. No. 16). The M&R recommends that the Commissioner's decision be affirmed. (Doc. No. 14 at 12). Having considered the filings and applied the relevant standards of review, the Court declines to adopt the M&R. The Court will instead reverse the Commissioner's decision and remand this case for further proceedings.

## I. BACKGROUND

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R. Plaintiff filed her complaint on August 19, 2024. She assigns error to the Administrative Law Judge's ("ALJ") determination of her Residual Functional

Capacity ("RFC"). Specifically, Plaintiff argues the ALJ failed to articulate her reasons for finding the medical opinion of Dr. Walter McNulty unpersuasive. *See* 20 C.F.R. § 404.1520c(b)(2) (requiring the ALJ to "explain how [she] considered the supportability and consistency" of medical evidence in crafting the claimant's RFC). On August 25, 2026, the Magistrate Judge issued an M&R recommending that this Court affirm the Commissioner's decision and Plaintiff objected. (Doc. Nos. 14, 15).

## II. LEGAL STANDARD

Any party may object to the magistrate judge's proposed findings and recommendations, at which point the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "[A] party wishing to avail itself of its right to *de novo* review must be sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Osmon v. United States*, 66 F.4th 144, 146 (4th Cir. 2023) (citation modified). After reviewing the record, the Court may accept, reject, or modify—in whole or in part—the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1).

In conducting *de novo* review, the Court "must uphold the ALJ's decision if the ALJ applied correct legal standards and if the factual findings are supported by substantial evidence." *Drumgold v. Comm'r of Soc. Sec.*, 144 F.4th 596, 604 (4th Cir. 2025). Substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019)). Under this standard, the Court "only

look[s] to make sure that *something* 'more than a mere scintilla' supports the decision" reached by the ALJ. *Id.* (quoting *Biestek*, 587 U.S. at 103). This is a "case-by-case" inquiry in which the Court "defers to the presiding ALJ, who has seen the hearing up close." *Biestek*, 587 U.S. at 108. "Where conflicting evidence allows reasonable minds to differ, the choice belongs to the Commissioner," not this Court. *Calhoun v. Comm'r of Soc. Sec.*, No. 24-1315, 2026 WL 2602326, at *3 (4th Cir. Sept. 3, 2026) (citation modified).

Substantial evidence "isn't a high threshold." *Drumgold*, 144 F.4th at 60. "Yet even under this deferential standard, [courts will] not reflexively rubber-stamp an ALJ's findings." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (quotation marks omitted). "The reason . . . is that [judicial] *re*view is possible only when someone has first articulated a *view*." *Drumgold*, 144 F.4th at 605. The Court must ensure that the ALJ "buil[t] an accurate and logical bridge from the evidence to [her] conclusions." *Arakas*, 983 F.3d at 95. "When the ALJ fails to build that logical bridge, the Court must remand for further proceedings." *Keffer v. Comm'r of Soc. Sec.*, No. 5:23-CV-00042-SCR, 2024 WL 3634212, at *2 (W.D.N.C. July 31, 2024).

## III. DISCUSSION

The M&R recommends this Court affirm the Commissioner. (Doc. No. 14 at 12). It explains that "ALJs do not have to include an extensive discussion regarding consistency" so long as the ALJ sufficiently considered the evidence in the context of the entire record. *Id.* at 8. The M&R reasons that because the ALJ explained that she found Dr. McNulty's opinion "partially persuasive" when weighed against other

record evidence—including the same doctor's examination of Plaintiff—remand is unnecessary. *Id.* at 10. In the alternative, the M&R concludes that the harmless error doctrine precludes remand. *Id.* at 11 (citing *Keller v. Berryhill*, 754 F. App'x 193, 199 (4th Cir. 2018) (*per curiam*)). Plaintiff objects to both of the M&R's conclusions, assigning error to the ALJ's brief discussion about the consistency and supportability of Dr. McNulty's medical opinion. *See* (Doc. No. 15 at 2, 4). The Court agrees with Plaintiff that the ALJ did not adequately explain the consistency of Dr. McNulty's opinion. This error requires remand.

The question before the ALJ was whether Plaintiff qualified as disabled under the Social Security Act. When an ALJ determines a claimant's disability status, she must assign the claimant an RFC grounded in the evidentiary record. *See* 20 C.F.R. §§ 404.1546(c), 416.946(c). In this case, the ALJ found that Plaintiff had the RFC "to perform light work as defined in 20 CFR 404.1567(b)," subject to certain exceptions. (Doc. 6-2 at 24–25). The ALJ reached this conclusion upon considering "some of [Plaintiff]'s own subjective allegations, the severity of the objective findings, the conservative degree of treatment [Plaintiff] has received, [Plaintiff]'s response to treatment, the exertional limitations given by the State agency medical consultants, and the record as a whole . . . ." *Id.* at 29.

Relevant here, the ALJ determined that Plaintiff was "able to occasionally interact with supervisors, coworkers, *and the public* but not able to provide direct customer service." *Id.* at 24. Much of this conclusion rested on Dr. McNulty's opinion. *Compare id.* at 24 (mental limitations incorporated in the RFC), *with id.* at 28 (mental

limitations found by Dr. McNulty). The ALJ summarized and evaluated Dr. McNulty's opinion as follows:

> Walter McNulty, Ph.D., the mental consultative examiner, opined that [Plaintiff]'s ability to relate to coworkers and supervisors was moderately impaired, but she would not be expected to exhibit behavior problems. He further noted that her ability to tolerate stress and pressures associated with day-to[-]day work was moderate[ly] impaired. This opinion is partially persuasive as it is generally supported by Dr. McNulty's mental status examination findings but evidence of the claimant's depressed mood and increased anxiety supports that she would be limited in her interaction with the general public as well.

*Id.* at 28 (internal citations omitted). Plaintiff asserts this short discussion does not justify the ALJ's "finding that the opinion of Dr. McNulty [was] unpersuasive." (Doc. No. 15 at 4); *see also* (Doc. Nos. 9 at 5, 9; 15 at 2).

When evaluating the persuasiveness of medical opinions, ALJs must consider several factors, the "most important" of which are supportability and consistency. 20 C.F.R. § 404.1520c(b)(2); *see also id.* § 404.1520c(c)(1)–(5). "Supportability looks inward, asking how well a source's own 'objective medical evidence and supporting explanations' sustain its opinion. Consistency looks outward, asking how well that opinion accords with 'the evidence from other medical sources and nonmedical sources' in the record." *Calhoun*, 2026 WL 2602326, at *4 (first quoting 20 C.F.R. § 416.920c(c)(1), and then quoting 20 C.F.R. § 416.920c(c)(2)). Although "the ALJ need not necessarily use the words 'supportability' or 'consistency,'" *Sellars v. Comm'r of Soc. Sec.*, No. 3:25-CV-00036-KDB, 2026 WL 622111, at *5 (W.D.N.C. Mar. 5, 2026) (citation modified), "she must expressly address" both factors in her analysis,

*Calhoun,* 2026 WL 2602326, at *4; *see also* 20 C.F.R. § 404.1520c(b)(2).

At the outset, the Court observes—as did the M&R—that Plaintiff mischaracterizes the relevant portion of the ALJ's decision. *See* (Doc. No. 14 at 9). Plaintiff's brief states that the ALJ found Dr. McNulty's opinion "to be unpersuasive." (Doc. No. 9 at 5). That is not accurate. The ALJ wrote that she considered Dr. McNulty's opinion "partially persuasive." (Doc. No. 6-2 at 28). Although the M&R expressly brings this issue to Plaintiff's attention, *see* (Doc. No. 14 at 9), Plaintiff doubles down with the same misstatement in her objections to the M&R, *see* (Doc. No. 15 at 4). Persisting in a misstatement of the record after it has been specifically called to counsel's attention tends to undermine counsel's credibility, falls short of the candor required by Rule 11(b) and the Court's local rules, and will not be viewed favorably in future filings.

The Court nonetheless agrees with part of Plaintiff's substantive objection: the ALJ did not explain how Dr. McNulty's opinion was inconsistent with other record evidence. While the ALJ mentioned "evidence of [Plaintiff]'s depressed mood and increased anxiety," she failed to identify the source of this conflicting information. (Doc. No. 6-2 at 28). The ALJ could have derived her conclusion from Dr. McNulty's clinical findings—in which case it would undercut supportability—or she could have derived it from a source other than Dr. McNulty, in which case it would undercut consistency. *See Calhoun*, 2026 WL 2602326, at *4 (explaining that "[s]upportability looks inward" and "[c]onsistency looks outward"). Because the ALJ did not cite the record or otherwise identify her source, the Court is left guessing between two

plausible readings. Consequently, the ALJ failed to build the requisite logical bridge between the facts and her conclusion. *See Drumgold*, 144 F.4th at 605 ("[Judicial] *re*view is possible only when someone has first articulated a *view*.").

Still, the Court must not remand an administrative case "unless [it] not only see[s] an error but find[s] it harmful." *Id.* at 605 n.9. The M&R reasons that harmless error would apply here. (Doc. No. 14 at 10). This conclusion prompts Plaintiff's second objection. (Doc. No. 15 at 4). The Court again agrees with Plaintiff.

Earlier this month, the Fourth Circuit reiterated that "a close question" about the sufficiency of the RFC analysis does not automatically justify remand. *Calhoun*, 2026 WL 2602326, at *6. If the ALJ's mistake "could not have changed the outcome," then returning the case to the agency "would serve no purpose." *Id.* at *6–7. On the other hand, if the error prevents the Court from "gaug[ing] the propriety of the ALJ's RFC assessment," the case must be remanded for "the ALJ to apply the regulation that [she] failed to observe." *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 662–63 (4th Cir. 2017); *see also Calhoun*, 2026 WL 2602326, at *6 (citing *Patterson*, 846 F.3d at 658, 662).

Here, the ALJ made a material error necessitating remand. The ALJ determined the relevant portion of Plaintiff's RFC by surveying the persuasiveness of several medical evaluations; these included Dr. McNulty's opinion that Plaintiff "was moderately impaired" by her difficulty relating to "coworkers and supervisors." (Doc. No. 6-2 at 28). The ALJ found Dr. McNulty's opinion "partially persuasive," but she found "other evidence of [Plaintiff]'s depressed mood and increased anxiety"

limited Plaintiff's ability to "interact[] with the general public as well." *Id.* The ALJ partially incorporated Dr. McNulty's opinion in the RFC, where she stated Plaintiff was "able to occasionally interact with supervisors, coworkers, *and the public* but not able to provide direct customer service." *Id.* at 24 (emphasis added).

In evaluating the persuasiveness of Dr. McNulty's opinion, the ALJ needed to analyze both supportability and consistency. *See* 20 C.F.R. § 404.1520c(b)(2); *Calhoun,* 2026 WL 2602326, at *4. Upon review of the ALJ's decision, the Court cannot determine whether the ALJ analyzed both factors. As explained above, the ALJ's brief reference to contrary "evidence of [Plaintiff]'s depressed mood and increased anxiety" (Doc. No. 6-2 at 28) could refer to either Dr. McNulty's internal findings (i.e., supportability) or external record evidence (i.e., consistency). And if it is the former, the ALJ's decision fails to address consistency altogether. This ambiguity requires remand. *See Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015) (remanding a vaguely worded decision because the court was "le[ft] to wonder" whether the ALJ had applied the proper standards).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the M&R is **NOT ADOPTED**, the decision of the Commissioner is **REVERSED**, and this matter is **REMANDED** for further proceedings pursuant to 42 U.S.C. § 405(g).

**SO ORDERED.**

Signed: September 29, 2026

Matthew E. Orso
United States District Judge